UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON JERMAINE MITCHELL,

        Petitioner,

v.

        Case No. 1:06-CV-854

CARMEN PALMER,

        HON. ROBERT HOLMES BELL

        Respondent.

_____/

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On December 21, 2009, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Jason Mitchell's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 47, R&R.) On January 15, 2010, Petitioner, appearing through counsel, filed objections to the R&R. (Dkt. No. 50, Objs.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the recommended disposition of Ground I based upon his contention that the Michigan Court of Appeals' ruling on Petitioner's sufficiency-of-the-evidence argument was an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), because the record is "void of any evidence which would actually establish that this crime [of second-degree home invasion] even occurred." (Obj. 2.) The Michigan Court of Appeals determined that the circumstantial evidence, viewed in the light most favorably to the prosecution, was sufficient to enable the jury to find beyond a reasonable doubt that the Petitioner was guilty of second-degree home invasion. Upon de novo review, the Court agrees with the Magistrate Judge that the Michigan Court of Appeals' ruling was not an unreasonable application of the *Jackson v. Virginia* standard.

Petitioner objects to the recommended disposition of Ground II based upon his contention that Mary Goree's rebuttal testimony was nothing more than the injection of "bad man character" evidence under the guise of rebuttal, that it was highly prejudicial, and that it was contrary to holdings in *Huddleston v. United States*, 485 U.S. 681 (1988), *Michelson v. United States*, 335 U.S. 469 (1959), and *Shepard v. United States*, 290 U.S. 96 (1933).

The Magistrate Judge correctly articulated the applicable standard for reviewing state-court evidentiary rulings. None of the Supreme Court cases Petitioner relies on suggest that the admission of rebuttal testimony under the circumstances presented in Petitioner's case violate the Due Process clause.

Petitioner objects to footnote 12 of the R&R and to the recommended disposition of Ground III, based upon his contention that ineffective assistance of counsel excused his procedural default based on the lack of contemporaneous objections during his trial.

2

The Magistrate Judge recommended, based on a thorough and detailed analysis of the facts and the law, that petitioner's prosecutorial misconduct claim be denied on the merits. (R&R 34-47.) Procedural default was only an alternative basis for denial. (R&R 55, n.12.) On de novo review the Court is satisfied that the R&R correctly determined that there was no prosecutorial misconduct, and that, in any event, the prosecutor's statements did not render the trial fundamentally unfair. *See West v. Bell*, 550 F.3d 542, 566 (2008); *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997). To the extent Petitioner contends that the Court should construe his claim as an ineffective assistance of trial counsel claim, the Court declines to do so. Petitioner did not raise an ineffective assistance of counsel claim in Ground 3. Although he did raise an ineffective assistance of counsel claim in Ground 7, his claim is directed at appellate counsel rather than trial counsel. (Dkt. No. 1, § 2254 Pet. 14-15; Dkt. No. 2, Br. 37.) Although Petitioner's pro se pleadings are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court is not required "to conjure up unpled allegations or guess at the nature of an argument." *Bendzak v. N. Royalton Sch. Dist.*, 43 F. App'x 769, 770 (6th Cir. 2002) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989)). The Court will not construe Petitioner's § 2254 petition to include an ineffective assistance of trial counsel claim, where, as here, the claim was not even arguably pleaded, and is undoubtedly unexhausted, procedurally defaulted, and barred by the statute of limitations.

Petitioner objects to the recommended disposition of Ground IV based upon his contention that the denial of his motion to sever violated his due process rights because he

3

and his co-defendant had conflicting defense theories and because there were evidentiary issues arising from his co-defendant's incriminating out-of-court statements.

The Magistrate Judge found that Petitioner's severance claim was utterly devoid of merit because the co-defendants' defenses were not antagonistic, and there was no Confrontation Clause problem under *Bruton v. United States*, 391 U.S. 123, 137 (1968), because Petitioner's co-defendant testified and was subjected to cross-examination. Although Petitioner disagrees with the Magistrate Judge's conclusions, Petitioner has not shown that either of these findings was erroneous.

Petitioner objects to the recommended disposition of Ground V based upon his contention that the state judge's non-adherence to the state sentencing guideline range is a matter with constitutional significance.

In *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990), the Michigan Supreme Court cited United States Supreme Court cases in support of the proposition that defects of constitutional magnitude may be found in sentences which are disproportionate to the offense. *Id.* at 9. Nevertheless, the state court's recognition that the principle of proportionality has constitutional significance does not suggest that a violation of state-law proportionality rules necessarily raises a federal constitutional claim. Upon de novo review, the Court is satisfied that the Magistrate Judge correctly reviewed Petitioner's sentencing claim de novo under the Eighth Amendment rather than state law, and correctly found that Petitioner's sentence was not grossly disproportionate to his crime and history as a habitual offender.

Petitioner objects to the recommended disposition of Ground VI based upon his contention that although *Blakely v Washington*, 542 U.S. 296 (2004), does not apply to judicial fact-finding at sentencing, the Sixth Amendment does apply, and the Sixth Amendment was violated because the evidence was insufficient to support a finding of guilt on second degree home invasion. Because this Court has already rejected Petitioner's sufficiency of the evidence argument (*see* discussion re Ground I, *supra*) and because Petitioner does not challenge the R&R's determination that the sentence was at or below the statutory maximum, the Court concludes that his sentence did not violate the Sixth Amendment.

Petitioner objects to the recommended disposition of Ground VII based upon his contention that appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel. Specifically, Petitioner contends that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to object to prosecutorial misconduct, as discussed in Ground III. As noted in footnote 12 of the R&R, "[i]neffective assistance of appellate counsel could not possibly provide 'cause' to excuse the petitioner's Ground III procedural defaults which were based on the lack of contemporaneous objections during his trial." (R&R 55, n.12.) Moreover, because the Court agrees with R&R's determination that there was no prosecutorial misconduct at trial, the failure of appellate counsel to raise an ineffective assistance of trial counsel claim on appeal was neither deficient nor prejudicial. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (Dkt. No. 50) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the December 21, 2009, R&R (Dkt. No. 47) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.


Dated: January 28, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE